Case 2:12-cr-00398-SDW   Document 13   Filed 10/01/12   Page 1 of 9 PageID: 44



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700   973/645-2700
Newark, NJ 07102

MET/PL AGR
2012R00441

September 27, 2012

**VIA U.S. and Electronic Mail**
Alexander W. Booth, Esq.
Law Office of Alexander W. Booth
145 Gifford Avenue
Jersey City, NJ 07304

     Re:   **Plea Agreement with Davione Warren**

Dear Mr. Booth:

     This letter sets forth the plea agreement between your client, Davione Warren, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on October 15, 2012.

## Charge

     Conditioned on the understandings specified below, this Office will accept a guilty plea from Davione Warren to Count Two of the Indictment, which charges him with the possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). If Davione Warren enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Davione Warren for his involvement in the conspiracy to distribute and possess with intent to distribute heroin on or about January 12, 2012. In addition, if Davione Warren fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts One and Three of the Indictment, Criminal No. 12-cr-398 (SDW), against Davione Warren. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Davione Warren agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Davione Warren may be commenced against him,

notwithstanding the expiration of the limitations period after Davione Warren signs the agreement.

Sentencing

As to Count Two, the violation of 18 U.S.C. § 924(c)(1)(A), to which Davione Warren agrees to plead guilty, carries a statutory minimum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense.

The sentence to be imposed upon Davione Warren is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Davione Warren ultimately will receive.

Further, in addition to imposing any other penalty on Davione Warren, the sentencing judge: (1) will order Davione Warren to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Davione Warren, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (3) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 853; (4) may deny Davione Warren certain statutorily defined benefits, pursuant to 21 U.S.C. § 862a; and (5) pursuant to 18 U.S.C. § 3583, may require Davione Warren to serve a term of supervised release of not more than five (5) years, which will begin at the expiration of any term of imprisonment imposed. Should Davione Warren be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Davione Warren may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Davione Warren by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Davione Warren's activities and relevant conduct with respect to this case.

Stipulations

This Office and Davione Warren agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Davione Warren from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Davione Warren waive certain rights to file an appeal, collateral attack,

writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture and Abandonment

      Davione Warren consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title and interest in: the 9 mm Jimenez Arms Inc. semi-automatic pistol, bearing serial # 169671, which was loaded with nine R.P. 9 mm caliber Luger bullets; the .25 caliber Raven Arms semi-automatic pistol, bearing serial # 1751759, which was loaded with seven .25 automatic bullets; and the .357 Wesson Arms revolver, bearing serial # 250961, which was loaded with five S&B .357 magnum bullets and one CBC .38 SPL bullet, recovered in his home following his arrest on or about January 12, 2012.

      Davione Warren waives all challenges of any kind to the forfeiture and abandonment of the firearms and ammunition by federal, state, and/or local law enforcement. Davione Warren further waives any additional notice requirement in connection with the forfeiture and abandonment of the firearms and ammunition and consents to the destruction of the forfeited and abandoned firearms and ammunition at the discretion of federal, state, and/or local law enforcement.

      Davione Warren agrees that, as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, Davione Warren will forfeit to the United States approximately $780.00 in United States currency that was seized on or about January 12, 2012 (hereinafter the "Forfeitable Property").

      The defendant further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Davione Warren hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Davione Warren. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Davione Warren.

- 5 -

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between Davione Warren and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

      Very truly yours,

      PAUL J. FISHMAN
      United States Attorney

      By: Mary E. Toscano
      Assistant U.S. Attorney

APPROVED:

Andrew Carey
Chief, OCDETF/Narcotics Unit

      I have received this letter from my attorney, Alexander W. Booth, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 10/1/12
Davione Warren

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 10/1/12
Alexander W. Booth, Esq.

<u>Plea Agreement With Davione Warren</u>

<u>Schedule A</u>

1. This Office and Davione Warren recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Davione Warren nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Davione Warren within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Davione Warren further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2011 applies in this case.

3. The applicable guideline is U.S.S.G. § 2K2.4(b). Therefore, the guideline sentence is the minimum term of imprisonment required by statute (18 U.S.C. § 924(c)), which is 60 months.

4. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that the guidelines sentence of 60 months is reasonable.

5. Davione Warren knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed upon Guidelines sentence of 60 months. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed upon Guidelines sentence of 60 months. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

6. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.